## WILL v CHESAPEAKE & OHIO R R CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2476.   Decided Dec 14, 1934

Harry K. Forsyth, Sidney, for plaintiffs in error.

Charles C. Hall, Sidney, for defendant in error.

528

Frank S. Monnett, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendant in error.

**OPINION**

By HORNBECK, PJ.

Three major propositions are presented for consideration by the action of the trial court.

(1) The negligence of the defendant company.

(2) The negligence of plaintiff's driver.

(3) The contributory negligence of plaintiff.

Respecting the second proposition, we have held in Bennett v New York Central R. R. et, No. 2062, unreported cases, Franklin County, decided November 6, 1931, that it is negligence, as a matter of law under §6310-1, GC, for a driver of an automobile in the night season to fail to see a standing car on a railroad crossing and if he runs into the standing car, such negligence is a proximate cause of the collision. However, the negligence of plaintiff's driver not being imputable to plaintiff would not preclude her recovery unless such negligence was the sole cause of the collision. Considering proposition No. 3. The trial court could not say as a matter of law that the plaintiff was chargeable with contributory negligence. In the most favorable aspect to the defense, this was a question of fact for the jury. She was required to exercise

ordinary care. There is no presumption of negligence against her so that it became a question of fact whether or not under all the circumstances she acted as an ordinarily prudent person would have done.

We come then to consider the principal question, namely, whether or not there is any showing of negligence against the defendant company. The averment respecting the violation of the ordinance was not proven, therefore, it is not necessary to consider whether or not, if proven, such violation would have constituted negligence. The second and last averment of negligence in the petition is that the defendant company had for a long time prior to the night of the collision maintained a watchman at the crossing, but at the time of the collision, no watchman was there to warn the plaintiff and her driver of the standing train over the crossing. We are not required to say that the petition does not state a cause of action, but an analysis of the evidence discloses that there is no showing that it had been the practice of the railroad company to maintain a watchman at this crossing during the night season. The record will permit the conclusion that there was no watchman at the crossing and no warning given by him to plaintiff's driver on the night of the collision.

There is no testimony in the record which establishes the obligation of the Company to maintain the flagman at the time and place of the accident; no showing of conduct by any employee of the company from which plaintiff or her driver could urge an affirmative assurance of safety of the crossing (**R. R. Company v Snyder, 45 Oh St, 678**) and no showing that there was a dangerous crossing by reason of closely built up or other physical conditions other than weather conditions.

Upon the record, we are required to say that there is no proof of the negligence of the defendant company. The judgment of the trial court will be affirmed.

KUNKLE and BARNES, JJ, concur.